RENDERED:  JUNE 13, 2025; 10:00 A.M.
NOT TO BE PUBLISHED
**MODIFIED:  JULY 25, 2025; 10:00 A.M.**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1031-MR

JAMES YOUNG                                             APPELLANT


                   APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE KIMBERLY N. BUNNELL, JUDGE
                       ACTION NO. 16-CI-00999


DWIGHT NORTHINGTON                                APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  James Young appeals from a summary judgment granted in favor of Dwight Northington.  Appellant argues that there are still genuine issues of material fact that preclude summary judgment.  We agree and reverse and remand.

# FACTS AND PROCEDURAL HISTORY

This case has already been before this Court; therefore, we will utilize that recitation of the facts.

> In 2014, Young entered into a lease with Northington for the rental of one side of a duplex located in Lexington. . . . Each side of the duplex had a basement with laundry facilities but shared sewer service. The plumbing originated on each side of the duplex but joined at some point and the sewage for both sides exited on Young's side of the duplex.
>
> On March 30, 2015, Young heard a noise in the basement and went downstairs to investigate. Young noticed a trickle of water and, while he was standing on the basement floor, raw sewage began to gush from the pipes near his washing machine. Young picked up a basket of laundry in an attempt to salvage his clothing and noticed that the sewage had increased. Seeing that the sewage was on the bottom of a metal boot he was required to wear due to an injury sustained in a prior home invasion[1] at a difference [sic] residence, he attempted to go back upstairs. While attempting to climb the stairs, Young slipped and contact with the carpeted stair caused an abrasion on his injured leg. Although Young immediately treated his leg with an antiseptic, over the next few days his injured leg began to swell and became extremely painful.
>
> Young was subsequently treated at the University of Kentucky Hospital and ultimately admitted due to a MRSA[2] infection and a large abscess on his left leg. Over the next two years, Young endured multiple

---

[1] In 2013, Appellant was shot in his left leg during a home invasion which resulted in the breaking of his tibia and fibula.

[2] Methicillin-resistant staphylococcus aureus.

surgeries in an attempt to save his leg from amputation. Young testified that his left leg is shorter than his right leg and that there is still a possibility of amputation in the future.

Young initiated the instant litigation on March 11, 2016, by filing a complaint which alleged that Northington's negligence in the maintenance and repair of the plumbing in the duplex led to Young's injuries. After a hearing conducted in April 2017, the circuit court granted Northington's motion for summary judgment.

*Young v. Northington*, No. 2017-CA-000993-MR, 2019 WL 5490986, at *1 (Ky. App. Oct. 25, 2019). The trial court granted summary judgment because it believed there was no evidence that the landlord knew that the sewage system was in such a state of disrepair that would cause it to overflow.

The previous panel of this Court ruled that the sewage system was a common area that the landlord had a duty to maintain. *Id.* at *3. The Court went on to hold that there was conflicting evidence as to whether the landlord knew the sewage system was in need of repair; therefore, there was a genuine issue of material fact that precluded summary judgment. *Id.* The case was then reversed and remanded to the trial court.

Upon remand, additional discovery was done. Appellant disclosed two medical experts who would testify: Dr. Nicole Leedy, an infectious disease physician who treated Appellant's MRSA infection, and Dr. Raymond Wright, Jr., an orthopedic trauma surgeon who treated Appellant's previous leg injury.

-3-

Appellee did not disclose any medical experts who would testify. Appellant's theory of the case was that the MRSA bacteria entered his body due to the abrasion he suffered after falling on the stairs.

Both doctors were deposed in 2022. The doctors testified about the extent of Appellant's injuries and what they knew about MRSA in general. Neither of the doctors was able to state for certain how Appellant contracted MRSA. The evidence indicated that Appellant had a MRSA blood infection and a MRSA bone infection around the site of the previous surgery. The medical records discussed by the doctors also indicated that there was no evidence of an infection prior to Appellant's fall.

Appellee later moved for summary judgment arguing that without an expert witness who can say definitively that Appellant contracted MRSA due to his fall, Appellant cannot prove that any alleged negligence of Appellee caused Appellant's injuries. The trial court agreed and granted summary judgment in favor of Appellee. This appeal followed.

**STANDARD OF REVIEW**

The standard of review on appeal when a trial court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the

nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. The word "impossible," as set forth in the standard for summary judgment, is meant to be used in a practical sense, not in an absolute sense. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue [*de novo*].

*Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011) (internal quotation marks and citations omitted).

## ANALYSIS

Appellant argues on appeal that he provided sufficient evidence of his injury and its cause for his claim to survive the motion for summary judgment. We agree. "[N]egligence claims require proof that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the plaintiff suffered a harm that was proximately caused by the breach." *Walmart, Inc. v. Reeves*, 671 S.W.3d 24, 26 (Ky. 2023) (citation omitted). The summary judgment in this case was granted because the trial court believed Appellant could not prove the third element, causation. Medical records, expert testimony, and even lay testimony can

be used to prove causation. *Richmond v. Hunt*, 596 S.W.3d 103, 106 (Ky. App. 2019). In addition, "circumstantial evidence may be sufficient to prove reasonable probability or proximate cause where the evidence reasonably establishes a causal connection between the alleged negligence and the injury." *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963) (citations omitted).

Here, the expert testimony indicated that MRSA can live on the skin and can enter the body through a cut in the skin. Testimony indicated that Appellant had his last surgery in June of 2014. There are no medical records in the record before us. The only medical evidence in the record is the testimony from the two doctors and that evidence indicates there was no infection until after Appellant's fall on March 31, 2015. In addition, Appellant had been cleared to begin aquatic physical therapy by Dr. Wright and Dr. Wright testified that he would never recommend that kind of therapy to a person suffering from an infection such as Appellant's.

This is not a medical malpractice case where experts opine about the technical aspects of different treatments or discuss the minutiae of an injury. This is a slip and fall case where Appellant cut his leg and developed an infection. While Appellant's experts did not say for certain that Appellant contracted MRSA from the fall, the testimony of the experts and the testimony of Appellant suggest that Appellant's cut on his leg and subsequent infection were related to his slip and

fall on the basement stairs.  The evidence in this case, both expert and circumstantial, is sufficient to create a genuine issue of material fact that precludes summary judgment.

## **CONCLUSION**

Based on the foregoing, we reverse and remand.  Appellant has provided sufficient affirmative evidence that his injuries were related to his fall in the basement and a genuine issue of material fact exists as to causation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Megan E. Ziegman
Kendra L. Rimbert
Louisville, Kentucky

BRIEF FOR APPELLEE:

Brian H. Stephenson
Lexington, Kentucky